JS 44 (Rev. 12/12)

## CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

### I. (a) PLAINTIFFS
Bryant K. Byrd

**DEFENDANTS**
Manheim Auctions, Inc.

**13    2382**

**(b)** County of Residence of First Listed Plaintiff    Lancaster
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Lancaster
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Gregg L. Zeff, Esquire, Drake P. Bearden, Jr., Esquire
Zeff Law Firm, LLC
100 Century Parkway, Suite, 305 (t) 856-778-9700

Attorneys *(If Known)*

### II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

### III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                        *and One Box for Defendant)*

|                                | PTF | DEF |                                                      | PTF | DEF |
|--------------------------------|-----|-----|------------------------------------------------------|-----|-----|
| Citizen of This State          | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State       | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation                          | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|----------|-------|--|--------------------|------------|----------------|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Personal Injury | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

### V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from Another District *(specify)*
- ☐ 6  Multidistrict Litigation

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. 2000e, et seq., 42 U.S.C. 1981
Brief description of cause:
Title VII, Civil Rights Act

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ ≥ $100,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

### VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____    DOCKET NUMBER _____

DATE    04/30/2013

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #    AMOUNT    APPLYING IFP    JUDGE    MAG. JUDGE

MAY  1 2013

JS 44 Reverse (Rev. 12/12)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)**    **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

   **(b)**    **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

   **(c)**    **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**    **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.**    **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**    **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.**    **Origin.** Place an "X" in one of the six boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

**VI.**    **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.**    **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**    **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

JKG

**UNITED STATES DISTRICT COURT**

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 882 Sterling Place, Lancaster, PA 17603

13    2382

Address of Defendant: 1190 Lancaster Road, Manheim, PA 17545

Place of Accident, Incident or Transaction: Manheim, PA

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes☐  No☒

Does this case involve multidistrict litigation possibilities?    Yes☐  No☒
*RELATED CASE, IF ANY:*
Case Number: _____  Judge _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes☐  No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes☐  No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?    Yes☐  No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?    Yes☐  No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☒ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify) _____

**ARBITRATION CERTIFICATION**
*(Check Appropriate Category)*

I, Drake P. Bearden, Jr. _____, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: 4/30/2013 _____    308035
                    Attorney-at-Law                Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 4/30/2013 _____    308035
                    Attorney-at-Law                Attorney I.D.#

CIV. 609 (5/2012)

MAY 1 2013



# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

Bryant K. Byrd

v.

Manheim Auctions, Inc.

CIVIL ACTION

**13      2382**

NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)   In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos.    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court.  (See reverse side of this form for a detailed explanation of special
management cases.)    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    (X)

| | | |
|---|---|---|
| April 30, 2013 | Drake P. Bearden, Jr., Esquire | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 856-778-9700 | 856-702-6640 | dbearden@glzefflaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

MAY  1 2013

## Civil Justice Expense and Delay Reduction Plan
### Section 1:03 - Assignment to a Management Track

(a)        The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)        In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management.  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)        The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)        Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)        Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

## SPECIAL MANAGEMENT CASE ASSIGNMENTS
### (See §1.02 (e) Management Track Definitions of the
### Civil Justice Expense and Delay Reduction Plan)

Special Management cases will usually include that class of cases commonly referred to as "complex litigation" as that term has been used in the Manuals for Complex Litigation.  The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985.  This term is intended to include cases that present unusual problems and require extraordinary treatment.  See §0.1 of the first manual.  Cases may require special or intense management by the court due to one or more of the following factors:  (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition.  It may include two or more related cases.  Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues.  See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

$400

# JKG

ZEFF LAW FIRM LLC
Gregg L. Zeff, Esquire
Drake P. Bearden, Jr., Esquire
100 Century Parkway, Suite 305
Mount Laurel, NJ 08054
(t) 856-778-9700
(f) 856-702-6640
dbearden@glzefflaw.com

*Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRYANT K. BYRD<br>882 Sterling Place<br>Lancaster, PA 17603 | : | CIVIL ACTION |
| *Plaintiff,* | : | No.   **13   2382** |
| v. | : | |
| MANHEIM AUCTIONS, INC<br>1190 Lancaster Road<br>Manheim, PA 17545 | : | JURY TRIAL DEMANDED |
| *Defendants.* | : | |

## COMPLAINT

### INTRODUCTION

1.      This action seeks economic relief from unlawful conduct by Defendant Manheim

Auctions, Inc. ("Manheim").

### JURISDICTION

2.      This action is brought pursuant to Title VII of the Civil Rights Act, and 42 U.S.C

§ 1981. Jurisdiction is founded on 28 U.S.C. §§ 1331 and 1343(3) and the aforementioned

statutory provisions.

1

3.      The amount in controversy exclusive of interest and costs exceeds the sum of One

Hundred Thousand Dollars ($100,000.00).

## VENUE

4.      All the claims herein arose within the jurisdiction of the United States District

Court for the Eastern District of Pennsylvania and involve Defendant who resides within the

jurisdictional limits. Venue is accordingly invoked pursuant to the dictates of 28 U.S.C. §

1391(b) and (c).

## PARTIES

5.      Plaintiff, Bryant K. Byrd ("Plaintiff") is an African American male residing at the

above-listed address.

6.      Defendant Manheim is a corporation operating at the above-listed address.

## FACTS

7.      Plaintiff was hired to work for Manheim in the auction business on December 12,

1994 in a managerial position.

8.      Within the first few years of Plaintiff working at Manheim he realized that his pay

was significantly lower than his white coworkers who performed the same job.

**A.      Background of Plaintiff's Employment**

9.      In 2004 Plaintiff was transferred to the Dealer Exchange department at Manheim

as the Dealer Exchange Manager.

10.     When Plaintiff was transferred into this position, he was promised a salary

increase that he never received.

11.     Similarly situated white employees who were promised a salary increase received

their increases.

2

12.     In 2005 or 2006 the dealer exchange department became the Online Vehicle Exchange ("OVE"). Plaintiff became the OVE manager.

13.     In 2005, Plaintiff discovered that he was receiving a lower bonus than his white coworkers without any explanation as to why.

14.     In 2006 and 2007 Plaintiff was denied promotional positions that he applied for. Furthermore, he received lower salaries than white co-workers although his sales were among the highest in the country.

15.     In 2008 a far less experienced and less qualified white co-worker, Mike Williams, was promoted over Plaintiff and another more experienced African American employee, Kyna Kirkland.

16.     Kirkland resigned from Manheim as a result of discrimination at Manheim, including this less-experienced and less-qualified white employee being made her supervisor.

17.     In 2008 Plaintiff asked the general manager Keith Williams why Manheim was not interested in giving African American employees the opportunity to advance, and why he was not receiving the pay increase that he was promised.

18.     In 2009 Plaintiff asked his supervisor Mike Williams why he was not receiving a pay increase as was promised to him.

19.     In 2009, Plaintiff made the lateral move from OVE manager to online sales manager at the insistence of his supervisor.

20.     In 2009 and 2010 Plaintiff never received his pay increase, and his questions about African American employees not receiving the same opportunities were never answered.

**B.     Plaintiff's Complaints of Discrimination**

21.     In January 2011 Tim Van Dam was named the general manager for Manheim.

22.     In January 2011 Plaintiff had a conversation with Van Dam where he expressed his concern that Manheim was not interested in diversity, and never has been.

23.     In February 2011, Plaintiff held a meeting with Van Dam where he told Van Dan that Plaintiff had been discriminated against because he was African American, which included not receiving promised raises, receiving less salary and bonuses than white employees, and being unfairly passed over for promotions in favor of less-qualified white employees.

24.     Van Dam insisted that no one at the company was going to stand up for Plaintiff on those issues because it would be "career suicide."

25.     On February 9, 2011, after the conversation with Van Dam, Plaintiff applied for the promotional position of Customer Support Manager.

26.     In March 2011, Plaintiff was told he would not be invited back for a second interview for that position.

27.     Another white employee was given the job of Customer Support Manager.

28.     On March 6, 2011 Plaintiff applied for the promotional position of Assistant General Manager at Manheim. Plaintiff conducted a preliminary interview in April 2011.

29.     Plaintiff learned approximately one month after the interview through a company-wide email that another white individual had gotten the job.

30.     After learning that he was denied another promotion in or around May 2011, Plaintiff asked Mike Williams why the issues that he complained about before had not been addressed. Those issues included the fact that Plaintiff was not receiving raises, bonuses, and the salary that he was promised, and that he was being denied promotional opportunities because of his race.

**C.   Plaintiff's Demotion and Constructive Discharge**

31.    In July 2011 there were 15 employees, including three managers in the online department.

32.    The managers were Plaintiff, Sharon Cronister, who was white, and Tammy Miller, who was white.

33.    Cronister had approximately two years of management experience and Miller had approximately four years of management experience at Manheim. Plaintiff had 17 years of management experience at Manheim.

34.    Plaintiff also had approximately seven years of management experience in the online department.

35.    Furthermore, neither Cronister nor Miller had a college degree, while Plaintiff had a college degree.

36.    On or around July 6, 2011, Mike Williams told the employees in the online department at Manheim that everyone had to reapply for their jobs because the department was being consolidated.

37.    On or around July 14, 2011, Mike Williams told Plaintiff that he would have to apply for a non-management online coordinator position because there were no manager positions being offered in the online department.

38.    However, later on that day Plaintiff learned that there were in fact two management positions, supervisor and online sales manager, being offered in the online department.

39.    Plaintiff applied for what was his current position, online sales manager.

5

40.     On July 26, 2011 Van Dam and Glover told Plaintiff that he was not getting the online sales manager position, and that it had been given to the less-experienced, less qualified, white employee, Miller.

41.     Plaintiff was later told the other management position was given to the less-experienced, less qualified, white employee, Cronister.

42.     Van Dam and Glover told Plaintiff they were offering him a demotion to online coordinator, which would result in a pay cut and would make him an hourly employee.

43.     Plaintiff told Van Dam that he did not apply for that position and asked why they were cutting his pay.

44.     Plaintiff was not given an explanation as to why the two less-experienced, less-qualified white employees retained management positions, while he was subjected to a demotion, and pay cut.

45.     Glover gave Plaintiff a severance package that she said would take effect if he decided not to accept the demotion, pay cut, and hourly employee designation.

46.     On July 29, 2011, Van Dam and Glover told Plaintiff he had until Monday, August 1, 2011 to decide whether he wanted to accept the demotion, pay cut, and designation as an hourly employee.

47.     Plaintiff informed Defendant on August 1, 2011 that he was not willing to accept the position that included a demotion, pay cut, and designation as an hourly employee.

**D.     EEOC Complaint**

48.     On January 18, 2012 Plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC") claiming he was racially discriminated against by Defendant.

6

49.    On February 5, 2013 the EEOC sent Plaintiff a Notice of Right to Sue, Issued on Request.

50.    Plaintiff is filing this Complaint within the time proscribed by the EEOC, Federal, and state law.

### COUNT I
### 42 U.S.C. § 2000e et seq.
### RACE DISCRIMINATION

51.    Plaintiff incorporates the preceding paragraphs of this Complaint as if same were set forth herein at length.

52.    Because of his race, Plaintiff was treated less-favorably than his similarly situated white co-workers by management at Manheim.

53.    Plaintiff was denied promotions, pay increases, bonuses, demoted, threatened with a salary decrease and constructively discharged because of his race.

WHEREFORE, Plaintiff respectfully requests this Honorable Court:

(A)    award Plaintiff front pay, back pay, wage increases, future economic loss, past economic loss, and compensatory damages including but not limited to pain, suffering, loss of life's pleasures, loss of reputation, loss of promotional opportunity, benefits, and other damages;

(B)    award reasonable costs and attorney's fees;

(C)    award punitive damages;

(D)    grant any other relief that this court deems just and proper under the circumstance.

7

**COUNT II**
**42 U.S.C. § 2000e et seq.**
**RETALIATION**

54.     Plaintiff incorporates the preceding paragraphs of this Complaint as if same were set forth herein at length.

55.     Plaintiff made complaints to the Defendants about the unequal treatment he was subjected to because of his race.

56.     As a result of Plaintiff's complaints Defendant retaliated against him, which included, but was not limited to being denied promotions, pay increases, bonuses, being demoted, threatened with a salary decrease and constructively discharged.

WHEREFORE, Plaintiff respectfully requests this Honorable Court:

(A)     award Plaintiff front pay, back pay, wage increases, future economic loss, past economic loss, and compensatory damages including but not limited to pain, suffering, loss of life's pleasures, loss of reputation, loss of promotional opportunity, benefits, and other damages;

(B)     award reasonable costs and attorney's fees;

(C)     award punitive damages;

(D)     grant any other relief that this court deems just and proper under the circumstance.

**COUNT III**
**42 U.S.C. § 1981**
**RACE DISCRIMINATION**

57.     Plaintiff incorporates the preceding paragraphs of this Complaint as if same were set forth herein at length.

58.     Because of his race Plaintiff was treated less-favorably than his similarly situated white co-workers by management at Manheim.

8

59.     Plaintiff was denied promotions, pay increases, bonuses, demoted, threatened with a salary decrease and constructively discharged because of his race.

WHEREFORE, Plaintiff respectfully requests this Honorable Court:

(A)     award Plaintiff front pay, back pay, wage increases, future economic loss, past economic loss, and compensatory damages including but not limited to pain, suffering, loss of life's pleasures, loss of reputation, loss of promotional opportunity, benefits, and other damages;

(B)     award reasonable costs and attorney's fees;

(C)     award punitive damages;

(D)     grant any other relief that this court deems just and proper under the circumstance.

## COUNT IV
## 42 U.S.C. § 1981
## RETALIATION

60.     Plaintiff incorporates the preceding paragraphs of this Complaint as if same were set forth herein at length.

61.     Plaintiff made complaints to the Defendants about the unequal treatment he was subjected to because of his race.

62.     As a result of Plaintiff's complaints Defendant retaliated against him, which included, but was not limited to being denied promotions, pay increases, bonuses, being demoted, threatened with a salary decrease and constructively discharged.

WHEREFORE, Plaintiff respectfully requests this Honorable Court:

(A)     award Plaintiff front pay, back pay, wage increases, future economic loss, past economic loss, and compensatory damages including but not limited to pain, suffering, loss of life's pleasures, loss of reputation, loss of promotional opportunity, benefits, and other damages;

(B)     award reasonable costs and attorney's fees;

9

(C)     award punitive damages;

(D)     grant any other relief that this court deems just and proper under the circumstance.


Respectfully submitted,


Gregg L. Zeff, Esquire
Drake P. Bearden, Jr., Esquire

Dated: <u>May 1, 2013</u>